UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LISA LYNN JACOBSON,
      Plaintiff,

v.                                                         Case No. 23-C-0155

NOAH PINES, ROSS AND PINES, LLC
      Defendants.

## DECISION AND ORDER

Pro se plaintiff Lisa Lynn Jacobson has filed a civil case in this court. She requests leave to proceed without prepaying the filing fee and asks that all exhibits attached to her complaint be "restricted." The request for restriction can be denied out of hand, for the exhibits consist of documents that are already available to the public: an executive order issued by President Joe Biden, and the docket sheet for a prior civil case plaintiff filed in this court.

Plaintiff's request for leave to proceed without prepaying the filing fee will also be denied. Under 28 U.S.C. § 1915, an indigent party may commence a federal court action, without paying required costs and fees, upon submission of an affidavit asserting inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). The court makes a form available to plaintiffs who wish to request leave to proceed without paying the filing fee. Among other things, that form asks the applicant to indicate wither she is employed and, if so, to identify her monthly income. The plaintiff used this form, indicated that she is employed, but then wrote a question mark in the space where she was to identify her total monthly income. Without knowing plaintiff's

income, the court cannot determine whether she has the means to pay the filing fee. Thus, at this point, plaintiff has not demonstrated that she is eligible to proceed without prepaying the filing fee. Her motion to so proceed will be denied. However, if plaintiff chooses, she may refile her request and supply the missing information concerning her income.

Another problem with plaintiff's case, however, is that she has not filed a valid complaint against the defendant. There are two issues. First, plaintiff has not established a ground for a federal court to exercise subject matter jurisdiction. Federal courts have limited jurisdiction over civil cases and generally may assert such jurisdiction only if the plaintiff's claim arises under federal law or the suit is between citizens of different states and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331 &1332. Here, the plaintiff does not raise a federal claim, so jurisdiction could exist only if the plaintiff and defendants were citizens of different states. (The plaintiff alleges damages in the amount of $11 million, so I will assume that more than $75,000 is at stake.) The plaintiff lists an address for herself in Wisconsin, and an address for defendant Noah Pines in Georgia. However, the plaintiff also names "Ross and Pines LLC" in the caption of her complaint. It is not clear whether plaintiff wishes to name this entity as a defendant, or whether she is listing the firm as part of the address of Noah Pines. If Ross and Pines LLC is an intended defendant, however, then the court must know its citizenship to make sure it is not a citizen of the same state as the plaintiff. Because the firm is described as an "LLC," it is likely a limited liability company. The citizenship of a limited liability company is determined by the citizenship of each of its members. *See, e.g., Wise v. Wachovia Sec., LLC*, 450 F.3d 265, 267 (7th Cir. 2006). Therefore, if the LLC is a defendant, the

complaint must identify all the members of the LLC and identify the citizenship of each and every member. Because the present complaint does not include this information, I must dismiss it for lack of subject matter jurisdiction. However, plaintiff may be able to cure this defect. I will therefore grant her leave to file an amended complaint that (1) clarifies who the defendants are, and (2) identifies the citizenship of each defendant. Plaintiff should note that the citizenship of a natural person is his or her domicile, and therefore the amended complaint should allege where each natural person (including the plaintiff herself) is domiciled. *See, e.g., Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012).

This brings me to the second problem with the current complaint: it does not state a claim for relief against anyone. To state a claim, a complaint must provide a "short and plain statement" showing that the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a). Here, the complaint is lengthy, yet despite its length it contains almost no information about the plaintiff's claim. The complaint largely consists of rhetorical statements that, so far as the court can tell, have no relationship to plaintiff's claims. The only information about the claims in the complaint are vague references to breach of contract and defamation. But the complaint does not identify any contract with the defendant or indicate how the defendant might have breached it. Likewise, the complaint does not identify any statement made by a defendant, much less allege that any such statement was false and defamatory. Thus, if I had not already dismissed the complaint for lack of jurisdiction, I would dismiss it for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6).

3

Case 2:23-cv-00155-LA   Filed 02/13/23   Page 3 of 5   Document 5

If plaintiff chooses to refile a complaint, she must, in addition to alleging a proper basis for federal jurisdiction, include the required "short and plain" statement of her claim. Plaintiff should refrain from writing lengthy rhetorical passages and instead focus on explaining what the defendant or defendants did that she believes entitles her to $11 million in damages. The plaintiff should use plain language and confine her allegations to short, numbered paragraphs. If the plaintiff intends to bring a claim for breach of contract, she should identify the contract, its basic terms, and how the defendant breached those terms. If the plaintiff intends to bring a claim for defamation, she should identify what the defendant said about her that she believes is false and defamatory. The plaintiff should also identify the injuries that she suffered as a result of the defendant's conduct. A general request for $11 million is insufficient. The plaintiff must explain what this compensation is intended to redress. For example, she might allege that the defendant failed to pay her money owed under the contract, or she might allege that the defendant's defamatory statement harmed her professional reputation. If she alleges this, plaintiff should also identify her profession and indicate how the defendant's statement harmed her reputation.

If the plaintiff chooses to file an amended complaint and refile her request to proceed without prepaying the filing fee, she must do so by February 24, 2023. If by that date plaintiff does not refile a complaint and either the full filing fee or a renewed request to proceed without prepaying it, I will dismiss this case in its entirety and direct the clerk of court to enter final judgment.

Accordingly, **IT IS ORDERED** that plaintiff's motion to seal exhibits (ECF No. 2) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to proceed without prepaying the filing fee (ECF No. 3) is **DENIED**.

**IT IS FURTHER ORDERED** that the complaint is **DISMISSED** for lack of subject matter jurisdiction and, in the alternative, for failure to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that plaintiff may file an amended complaint and either the full filing fee or a renewed request to proceed without prepaying it by **February 24, 2023**. If plaintiff does not do so by that date, the court will dismiss this action in its entirety and direct the clerk of court to enter final judgment.

Dated at Milwaukee, Wisconsin, this 13th day of February, 2023.

/s/Lynn Adelman
LYNN ADELMAN
United States District Judge